IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEVIN L. DICKENS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : Civ. Action No. 03-310-JJF | |
| | : | |
| DOVER CITY POLICE DEPARTMENT, | : | |
| GEORGETOWN POLICE DEPARTMENT, | : | |
| TERRENCE LYONS, MARK ATWELL, | : | |
| LESTER SHAFFER, and DAVID | : | |
| NAAR, | : | |
| | : | |
| Defendants. | : | |

---

Kevin L. Dickens, <u>Pro</u> <u>se</u> Plaintiff, Delaware Correctional Center.

William W. Pepper, Esquire, Schmittinger & Rodriguez, P.A., Wilmington, Delaware.  Attorney for Defendants Dover City Police Department and Terrence Lyons.

Megan Trocki Mantzavinos, Esquire, Marks, O'Neill, O'Brien & Courtney, P.C., Wilmington, Delaware.  Attorney for Defendants Georgetown Police Department, Mark Atwell, Lester Shaffer, and David Naar.

---

**<u>MEMORANDUM OPINION</u>**

June 29, 2007
Wilmington, Delaware

Farnan, District Judge

Presently before the Court are Defendants Dover City Police Department and Terrence Lyons' Motion for Summary Judgment (D.I. 52) and Defendants Georgetown Police Department, Atwell, Shaffer and Naar's Motion To Dismiss (D.I. 54), supporting briefs, Plaintiff's responses thereto (D.I. 59, 60), and Defendants' Replies (D.I. 61, 62). For the reasons set forth below, the Court will grant Defendants Dover City Police Department and Terrence Lyons' Motion for Summary Judgment (D.I. 52) and will grant Defendants Georgetown Police Department, Atwell, Shaffer and Naar's Motion To Dismiss (D.I. 54).

## I. BACKGROUND

Plaintiff, an inmate housed at the Delaware Correctional Center ("DCC"), filed his Complaint on March 21, 2003, against Defendants Manpower and Jane Does, Dover City Police Department ("Dover Police Department"), Judge Merrill C. Trader ("Judge Trader"), Georgetown Police Department ("Georgetown Police Department"), and John Does from both police departments alleging violations of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution, as well as violations of state law for malicious prosecution and false arrest. (D.I. 1.) The Court dismissed the claims against Defendants Manpower, Inc., Jane Does, Managers, and Judge Trader on November 16, 2004.

-1-

(D.I. 20.)  In the same Order, Plaintiff was allowed to proceed only with his excessive force[1] claim against the Dover Doe Officers and his unlawful arrest[2] claim against the Georgetown Doe Officers.  All other claims were dismissed.  The Order stated that the Complaint did not contain specific allegations against Defendants Dover Police Department and Georgetown Police Department, but directed service upon these two Defendants for the purpose of naming the John Doe Defendants.  Id.  The Order directed Plaintiff, upon learning the names of the John Doe Defendants, to immediately move the Court for an order directing amendment of the caption of the Complaint and for service of the Complaint.  Id.  On April 27, 2005, the Dover Doe Defendant(s) were identified as Dover police officer Terrence Lyons ("Lyons"), and on June 30, 2005, the Georgetown Doe Defendants were identified as police officers Mark Atwell ("Atwell"), Lester Shaffer ("Shaffer"), and David Naar ("Naar").  (D.I. 23, 31.)  Plaintiff ultimately filed an amendment to substitute correct

---

[1]Excessive force claims arising out of an arrest are analyzed under the Fourth Amendment.  Graham v. Connor, 490 U.S. 386 (1989).

[2]Arrests made by police officers are classic seizures within the meaning of the Fourth Amendment.  Terry v. Ohio, 392 U.S. 1, 16 (1968); Kaupp v. Texas, 538 U.S. 626 (2003).

names for the John Doe Defendants on January 25, 2006.  (D.I. 42, 45.)

The Complaint alleges that Manpower Inc. and Jane Does violated Plaintiff's constitutional rights by filing criminal impersonation and harassment charges against him.  (D.I. 1, 2-4.) Plaintiff alleges that on March 16, 2001, Atwell, Shaffer, and Naar arrested him without a warrant, although he was told there was a warrant for his arrest for an assault on a woman.  (D.I. 1 at 2.)  He alleges that at the time, he was shown a computerized mugshot of himself, but there were no charges written on the paper.  Id. at 3.

Plaintiff alleges he was taken to the Dover Police Department, and when he informed the officers that he would not be fingerprinted or talk, Lyons and two other officers used excessive force while he was handcuffed, by choking and yanking him.  Id. at 3.  Plaintiff alleges that because he was aware of an individual who had recently died in police custody, when he asked the officers if they were going to kill him "like they killed Reggie Hannah," the officers released him from a choke hold.  Plaintiff alleges the officers used menacing language and then added a criminal charge of failure to fingerprint.  Id. at 4.  He appeared for trial on April 16, 2001, and alleges the charges of impersonation and harassment were dismissed because

-3-

the witnesses did not appear to testify against him.[3]  Plaintiff plead guilty to the fingerprinting charge.  Id. at 5.

Defendants Dover Police Department and Lyons move for summary judgment on the bases that the claim is barred by the applicable two year limitations period, the claim against the Police Department is an improper attempt to impose vicarious liability in a § 1983 action, and there are no genuine issues of material fact.  (D.I. 52.)  Defendants Georgetown Police Department, Atwell, Shaffer, and Naar move for dismissal on the bases that the Complaint fails to state a claim upon which relief may be granted, Plaintiff failed to timely serve the Defendant Police Officers and the claims are barred by the applicable two year limitations period.  (D.I. 55.)

## II.  DISCUSSION

### A.  Standards of Law

#### 1.  Motion To Dismiss

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case.  Kost v. Kozakiewicz, 1

---

[3]The Complaint contains numerous allegations against Judge Trader, but all claims were dismissed on the basis of judicial immunity.

-4-

F.3d 176, 183 (3d Cir. 1993).  To that end, the Court assumes

that all factual allegations in Plaintiff's pleading are true,

and draws all reasonable factual inferences in the light most

favorable to Plaintiff.  <u>Amiot v. Kemper Ins. Co.</u>, 122 Fed. Appx.

577, 579 (3d Cir. 2004).  However, the Court should reject

"unsupported allegations," "bald assertions," or "legal

conclusions."  <u>Id</u>.  A Rule 12(b)(6) motion should be granted to

dismiss a <u>pro</u> <u>se</u> complaint only when "it appears beyond doubt

that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief."  <u>Estelle v. Gamble</u>, 429

U.S. 97, 106 (1976) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46

(1957)).

### 2.  Summary Judgment

The Court shall grant summary judgment only if "the

pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that

the moving party is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(c).  The moving party bears the burden of

proving that no genuine issue of material fact exists.  <u>See</u>

<u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574,

586 n.10 (1986).  "Facts that could alter the outcome are

'material,' and disputes are 'genuine' if evidence exists from

-5-

which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Federal Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The Court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

-6-

**B.   Sua Sponte Dismissal**

When the Complaint was initially screened, the Court noted that Plaintiff appeared to attempt to raise claims against the Dover Police Department and the Georgetown Police Department on the basis of respondeat superior. (D.I. 20.)   The Court found that the Complaint did not raise any specific allegations against the Dover Police Department and the Georgetown Police Department and, therefore, Plaintiff could not establish a claim against these two Defendants. (D.I. 20.)   The Court refrained from sua sponte dismissal of the Police Department Defendants because it was necessary for them to identify John Doe Defendants.  On April 27, 2005, the Dover Police Department identified one John Doe Defendant[4] and on June 30, 2005, the Georgetown Police Department identified three John Doe Defendants.  (D.I. 23, 31.) Thereafter, Plaintiff amended the Complaint to substitute the Doe Defendants with their correct names.  (D.I. 42.)   Accordingly, there is no longer a need for Defendants Dover Police Department and the Georgetown Police Department to remain in the case. Moreover, Plaintiff conceded in his Responsive brief that it is appropriate to dismiss the claims brought against the Georgetown Police Department.  (D.I. 60.)

_____

[4]Plaintiff complains that the Dover Police Department only identified one John Doe Defendant, even though the Complaint refers to three Dover Doe Defendants.  (D.I. 59.)

-7-

As previously determined, the Complaint fails to state a claim upon which relief may be granted as to Defendants Dover Police Department and Georgetown Police Department.  See D.I. 20. The claims against these two Defendants lack an arguable basis in law or in fact and the Court will dismiss the claims pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).[5]

### C.  Service of Process

Defendants Atwell, Shaffer, and Naar contend that dismissal is appropriate because process has yet to be effected.   They argue that Plaintiff has known their identities for over one year, and that as of January 25, 2006, Plaintiff amended the caption to the Complaint, but did not serve them.  (D.I. 55, 12-13.)  Plaintiff did not respond to this issue.

Prior to screening the Complaint, Plaintiff filed two Motions To Amend to change the name of certain Defendants and to identify and correct the addresses of certain Defendants.  At the time of the initial screening of the Complaint, the Court ordered Plaintiff, upon learning of the identity of the Dover and Georgetown Doe Defendants, to immediately apply to the Court for an Order directing amendment of the caption and service of the Complaint.  (D.I. 20.)  Plaintiff complied in part.  After many

---

[5]The Court sees no need to address the respondeat superior issue raised by the Dover Police Department in its Motion For Summary Judgment.

-8-

extensions of time he filed an amendment identifying the Doe
Defendants.  At no time, however, did he move the Court to serve
the Complaint.  Nor did Plaintiff submit USM-285 forms for the
newly named Defendants for submission to the U.S. Marshal for
service.

Rule 4(m) provides that "[i]f service of the summons and
complaint is not made upon a defendant within 120 days after the
filing of the complaint, the court. . .shall dismiss the action
without prejudice. . .provided that if the plaintiff shows good
cause for the failure, the court shall extend the time for
service for an appropriate period." Fed. R. Civ. P. 4(m).  The
Georgetown Police Officer Defendants raised the issue of lack of
service in their Motion To Dismiss and supporting memorandum.
(D.I. 54, 55.)  Nonetheless, when the matter was brought to
Plaintiff's attention, he did not request an extension of time to
effect service or otherwise show good cause for the failure to
serve.  Indeed, he made no response to the issue once it was
raised by the Georgetown Police Officer Defendants.

Plaintiff has failed to show good cause for the failure to
serve the Georgetown Police Officer Defendants.  Therefore, the
Court will grant the Motion To Dismiss.  See Miles v. Aramark
Corr. Serv. at Curran Fromhold Corr., No 05-5567, 2007 WL 1170702
(3d Cir. Apr. 20, 2007) (No abuse of discretion by District Court

-9-

in dismissing complaint when the named Defendants were not timely
served, the matter was brought to plaintiff's attention, and
plaintiff did not request an extension of time to effect service
or otherwise show good cause for the failure to serve).

### D.   Statute of Limitations

All moving Defendants argue that Plaintiff's claims are
barred by the applicable limitations period.  The Dover
Defendants point to the allegations that the acts occurred on
March 16, 2001, and contend that the Complaint was not filed
until March 21, 2003, after the expiration of the limitations
period.  All Defendants argue that the subsequent naming of the
John Doe Defendants did not toll or stop the running of the
limitations period, and as a result, the naming of the Doe
Defendants did not relate back to the original Complaint, even
assuming the Complaint was timely filed.

Plaintiff responds that his Complaint was deemed filed on
March 17, 2003, in accordance with the prison mailbox rule.  He
posits that because the excessive force and false arrest claim
are "inexorably related" to the false arrest and malicious
prosecution claims, "the time can relate back to a time outside
the two-year statute of limitations under the 'continuing
violation' doctrine."  (D.I. 59, 60.)  Plaintiff contends that
his malicious prosecution claim did not accrue until April 16,

-10-

2003, since the charges against him were dismissed on April 16, 2001.

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. <u>Wilson v. Garcia</u>, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. <u>See</u> Del. Code Ann. tit. 10, § 8119; <u>Johnson v. Cullen</u>, 925 F. Supp. 244, 248 (D. Del. 1996). A § 1983 cause of action accrues on the date when a plaintiff knew or should have known that his or her rights had been violated. <u>Genty v. Resolution Trust Corp.</u>, 937 F.2d 899 (3d Cir. 1991). Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. <u>See</u> <u>Smith v. Delaware</u>, C.A. No. 99-440-JJF, 2001 WL 845654, at *2 (D. Del. July 24, 2001).

### 1. Mailbox Rule

The Dover Defendants are incorrect in their position that Plaintiff's Complaint was filed on March 21, 2003. The computation of time for a complaint filed by a <u>pro</u> <u>se</u> inmate is determined according to the "mailbox rule." In <u>Houston v. Lack</u>, 487 U.S. 266 (1988), the United States Supreme Court held that a prisoner's notice of appeal of a habeas corpus petition was deemed filed as of the date it was delivered to prison officials for mailing to the court. While <u>Houston</u> dealt specifically with

-11-

the filing of a habeas appeal, the decision has been extended by
the Court of Appeals for the Third Circuit to other prisoner
filings.  See Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998).
Additionally, this District has extended the Houston mailbox rule
to pro se § 1983 complaints.  Gibbs v. Decker, 234 F.Supp. 2d
458, 463 (D. Del. 2002).  See also Rivers v. Horn, No. Civ.A. 00-
3161, 2001 WL 312236, at *1 n.1 (E.D. Pa. Mar. 29, 2001)
(extending Houston to pro se prisoner § 1983 complaints).

Plaintiff's Complaint was signed on March 17, 2003, and the
envelope it was mailed in is post-marked March 19, 2003.
Therefore, Plaintiff's Complaint was delivered to prison
authorities for mailing some time between March 17, 2003 and
March 19, 2003.  Giving Plaintiff the benefit, the Court
concludes that Plaintiff's Complaint was filed on March 17, 2003,
the date it was signed, and the earliest date possible that it
could have been delivered to prison officials in Delaware for
mailing.

### 2.  Calculation of Limitations Period

Plaintiff alleges the excessive force and wrongful arrest
occurred on March 16, 2001.  The Third Circuit Court of Appeals
has concluded that the statute of limitations expires on the
anniversary date of the event in issue.  Monkelis v. Mobay Chem.,
827 F.2d 937, 938 (3d Cir. 1987).  In determining the final date

-12-

of the limitations period, the method of calculation used is that found in Fed. R. Civ. P. 6(a), at least in non-diversity cases. Id.; Fed. R. Civ. P. 6(a).  Rule 6(a) specifically provides that the "date of the act". . . from which the designated period of time begins to run shall not be included" in determining whether suit was brought in a timely manner.  Id.  It also provides that the last day of the period is included in the computation unless it is a Saturday, Sunday or legal holiday.  Id.

Plaintiff alleges that the excessive force and unlawful arrest occurred on March 16, 2001.  Therefore, March 17, 2001, the day after the alleged excessive force and unlawful arrest accrued, is the first day considered in determining whether the Complaint was filed within the prescribed time.  This means, that the limitations period expired on March 16, 2003.  However, March 16, 2003 fell on a Sunday, and that day is not included in the calculation.  Therefore, the limitations period ran until the end of the next day, that is, March 17, 2003.  As discussed above, according to the mailbox rule, Plaintiff filed his Complaint on March 17, 2003.  Accordingly, Plaintiff's Complaint was timely filed.

### 3.  Relation Back

The Dover Defendants argue Plaintiff's amendment naming the John Doe Defendants did not stop or toll the running of the

-13-

limitations period.  (D.I. 53.)  The Georgetown Defendants argue
that the amendment to the Complaint (D.I. 42, 45) was not made
within the two year limitations period.  All Defendants argue
that the amendment does not relate back because they did not
receive notice within 120 days as is required by the Federal
Rules of Civil Procedure.  More specifically, the Dover
Defendants argue that they did not receive notice of the filing
of this action until two years after the fact.  (D.I. 53, 62.)
The Georgetown Defendants argue that they have never received
notice of the Complaint.  Plaintiff responds that the amendment
relates back to the original complaint because of the continuing
violation doctrine.  Plaintiff did not address the issue of
relation back as it relates to the amendment identifying the Doe
Defendants.

       Rule 15(c) of the Federal Rules of Civil Procedure can
ameliorate the running of the statute of limitations on a claim
by making the amended claim relate back to the original, timely
filed complaint.  <u>See</u> <u>Singletary v. Pennsylvania Dept. of Corr.</u>,
266 F.3d 186, 189 (3d Cir. 2001);  <u>Nelson v. County of Allegheny</u>,
60 F.3d 1010, 1015 (3d Cir. 1995).  Replacing the name John Doe
with a party's real name amounts to the changing of a party or
the naming of a party under Rule 15(c), and thus an amended
complaint will relate back only if the three conditions specified

-14-

in that rule are satisfied.  Garvin v. City of Philadelphia, 354
F.3d 215, 200 (3d Cir. 2003).  Those conditions are:  1) the
additional claim arose out of the same conduct as the original
pleading; 2) the newly named party received such notice of the
institution of the action within 120 days of the complaint so
that the party will not be prejudiced in maintaining a defense on
the merits; and 3) the newly named party must have known or
should have known within 120 days that, but for a mistake made by
the plaintiff concerning the newly named party's identity, the
action would have been brought against the newly named party in
the first place.  Singletary, 266 F.3d at 189 (internal
quotations and citations omitted).

     The first condition is met as it is clear that the claims
against the Dover Police Officers and the Georgetown Police
Officers arise out of the same conduct as alleged in the original
pleading.  As to the second condition, Defendant Lyons argues
that he was not given notice of this action within 120 days of
its filing on March 21, 2003, as the Dover Police Department did
not receive notice of the filing of the complaint until two years
after the fact.  The Georgetown Defendants argue that they never
received notice within 120 days as measured from any relevant
date.

-15-

Under Rule 15(c)(3), notice does not require actual service of process on the party sought to be added, and notice can be actual, constructive, implied, or imputed. Singletary, 266 F.3d 195. There is no indication in the record that Defendants Lyons, Atwell, Shafer and Naar received actual notice of this action. Notice, however, may be imputed through the "shared attorney" method. Id. at 196-198. The "shared attorney" method is based upon the theory that, when an originally named party (i.e., Dover Police Department and Georgetown Police Department) and the parties added (i.e., Lyons, Atwell, Shafer, and Naar) are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action. See Singletary, 266 F.3d 196. The relevant inquiry under the shared attorney method of imputing notice is whether notice of the action can be imputed to [the defendant[s] sought to be named] within the relevant 120 period. . .by virtue of representation shared with a defendant originally named in the lawsuit. Id.

In this case, the Complaint was filed by an inmate plaintiff proceeding in forma pauperis. Due to the screening requirements under 28 U.S.C. § 1915 and § 1915A, service of process cannot be completed until the Complaint is screened and the Court issues a service order. While the Complaint was actually filed on March

-16-

17, 2003,[6] for a number of reasons the Complaint was not screened until November 16, 2004.  See D.I. 20 Memorandum and Order.  The screening order gave Plaintiff 120 days to file the necessary documents to effect service upon Defendants, that is up to March 16, 2005.  (D.I. 20.)  The documents were received within that time period, on March 14, 2005, and forwarded to the U.S. Marshal on March 21, 2005, to serve process.  The Dover Police Department and the Georgetown Police Department were served on April 27, 2005 and April 26, 2005, respectively.  (D.I. 24, 25.)  Therefore, both Police Departments were served a little over one month after the expiration of the 120 day limit established by the Court's Service Order of November 16, 2004.

As evidenced by the Court docket, Defendants Dover Police Department and John Does Police Officers' attorney, William W. Pepper, Sr., entered his appearance on their behalf on April 27, 2005.  (D.I. 22.)  Defendant Georgetown Police Department's attorney, Megan T. Mantzavinos, entered her appearance on its behalf on May 17, 2005.  (D.I. 27.)  On June 29, 2005, an Answer was filed on behalf of Defendants Georgetown Police Department and John Does.  (D.I. 29.)  Inasmuch as the attorney representation for Defendants Dover Police Department and

_____

[6]This date is based upon the mailbox rule calculation and not the date indicated on the Docket Sheet.

-17-

Georgetown Police Department did not begin until after the 120 period following the entry of the Service Order had ended, any later shared representation is irrelevant in the relation back analysis.

Moreover, Plaintiff has not made a "shared attorney" argument regarding the attorneys who represent either Dover Police Department Defendants or Georgetown Police Department Defendants.  Regardless, even though the Georgetown Police Department and Defendants Atwell, Shaffer, and Naar share the same attorney, and the Dover Police Department and Defendant Lyons also now share the same attorney, it is evident from the record that the attorneys for the Georgetown Police Department and the Dover Police Department did not become the attorney of record for any of the Defendants until after the running of the relevant 120 days from the entry of the Court's Service Order. The requisites of Rule 15(c) have not been met, and therefore, the amendment identifying the John Doe Defendants does not relate back to the filing date of the original Complaint.

### 4.  Continuing Violation Doctrine

Plaintiff argues that because his false arrest and malicious prosecution claims are related, under the continuing violation doctrine the statute of limitations can relate back to a time outside the two-year period. (D.I. 59, 60.)  Plaintiff relies

-18-

upon his malicious prosecution claim which accrued on April 16, 2001,[7] to support his position.

Under a continuing violation theory, if the defendant engaged in a continual course of conduct and plaintiff's action is timely as to any act in that course of conduct, plaintiff may be permitted to litigate violations that are part of the course of conduct. Van Heest v. McNeilab, Inc., 624. F. Supp. 891, 896 (D. Del. 1985). A "continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." See Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982). In the present case, the Complaint fails to assert any affirmative acts of the moving Defendants beyond the initial arrest and detention at the Dover Police Station. Indeed, the injuries of excessive force and wrongful arrest as alleged by Plaintiff are discrete and fixed in time. Once arrested, the logical course was to proceed with prosecution of the criminal charges. The continuing violation theory does not save Plaintiff's claims.

Plaintiff cannot escape the fact that the claims against Defendants Lyons, Atwell, Shaffer, and Naar do not relate back to the original Complaint. Therefore, the Court will grant

---

[7]A malicious prosecution claim accrues at the time when the criminal proceedings terminate in favor of the plaintiff. Rose v. Bartle, 871 F.2d 331, 348 (3d Cir. 1984).

-19-

Defendants Dover City Police Department and Terrence Lyons'
Motion for Summary Judgment (D.I. 52) and will direct that
judgment be entered in their favor and against Plaintiff.  The
Court will also grant Defendants Georgetown Police Department,
Atwell, Shaffer and Naar's Motion To Dismiss.  (D.I. 54.)

    **E.  Malicious Prosecution**

    Plaintiff repeatedly makes reference to a malicious
prosecution claim.  Plaintiff, however, was allowed only to
proceed on the excessive force claim and the unlawful arrest
claim.  Further the Complaint is clear that Plaintiff brings a
malicious prosecution under state law, but does not allege a §
1983 malicious prosecution claim.  Moreover, the allegations in
the Complaint do not state a claim for malicious prosecution
pursuant to § 1983.  Plaintiff alleges that the Georgetown Police
Officers arrested him without a warrant, but told him that "there
was a warrant for his arrest".  (D.I. 2, at 2.)  Because he
alleges that his arrest was not made pursuant to a warrant, it
cannot  serve as the basis for his malicious prosecution claim.
See <u>Nieves v. McSweeney</u>, 241 F.3d 46, 54 (1st Cir. 2001)
("Appellants were arrested without a warrant and, thus, their
arrests-which antedated any legal process-cannot be part of the
Fourth Amendment seizure upon which they base their section 1983
[malicious prosecution] claims."); <u>Singer v. Fulton County</u>
<u>Sheriff</u>, 63 F.3d 110, 116 (2d. Cir 1995) (plaintiff's arrest

could not "serve as the predicate deprivation of liberty [for a §
1983 malicious prosecution claim] because it occurred prior to
his arraignment and without a warrant"); Mateiuc v. Hutchinson,
1998 WL 240331 at *3 (E.D. Pa. May 14, 1998) (while a wrongful
warrantless arrest may give rise to a claim for false arrest, it
cannot serve as the basis for a § 1983 malicious prosecution
claim); see Fernandez v. Stack, No. 03-4846(JAP), 2006 WL 777033
(D.N.J. Mar. 27, 2006).

    **F.   Supplemental State Claims**

Because all of Plaintiff's federal claims will be dismissed,
the Court declines to exercise jurisdiction over any remaining
supplemental state law claims.   28 U.S.C. § 1367; De Asencio v.
Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003).

**III.   CONCLUSION**

The Court will grant Defendants Dover City Police Department
and Terrence Lyons' Motion for Summary Judgment (D.I. 52).   The
Court will also grant Defendants Georgetown Police Department,
Atwell, Shaffer and Naar's Motion To Dismiss (D.I. 54).   The
Court will not address the failure to state a claim issue raised
by Georgetown Police Department Defendants as the claims against
these Defendants will be dismissed on other grounds.   The Court
will decline to exercise supplemental jurisdiction over

Plaintiff's supplemental state claims.  An appropriate order will

be entered.