IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN L. DICKENS, | : |
| Plaintiff, | : |
| v. | : Civ. Action No. 03-310-JJF |
| DOVER CITY POLICE DEPARTMENT, GEORGETOWN POLICE DEPARTMENT, TERRENCE LYONS, MARK ATWELL, LESTER SHAFFER, and DAVID NAAR, | : |
| Defendants. | : |

**MEMORANDUM ORDER**

### I.  BACKGROUND

Plaintiff Kevin L. Dickens, an inmate housed at the Delaware Correctional Center ("DCC"), appears pro se and was granted in forma pauperis status. He filed his Complaint alleging violations of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution, as well as violations of state law for malicious prosecution and false arrest. (D.I. 1.) On June 29, 2007, the Court granted a Motion for Summary Judgment filed by Defendants Dover City Police Department and Terrence Lyons and a Motion To Dismiss filed by Defendants Georgetown Police Department, Atwell, Shaffer and Naar. Plaintiff filed a Motion For Reconsideration/Amendment Of Judgment/Order dated July 29, 2007, which is opposed by Defendants. (D.I. 66, 67, 68.) For the foregoing reasons, the Court will deny the Motion.

## II. STANDARD OF REVIEW

Plaintiff frames his Motion as proceeding under Rule 60, when it actually is a Motion under Fed. R. Civ. P. 59. Indeed, his Motion makes no reference to any of the six reasons when relief may be provided by Rule 60(b): 1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b), (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party, (4) the judgment is void, (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application, or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order;

or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. <u>See Glendon Energy Co. v. Borough of Glendon</u>, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." <u>Brambles USA, Inc. v. Blocker</u>, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." <u>Brambles USA</u>, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); <u>See also</u> D. Del. LR 7.1.5.

### III. DISCUSSION

Plaintiff does not argue there was an intervening change in the controlling law or the availability of new evidence that was not available when the Order was entered granting Defendants' Motions. His Motion consists of reargument. Plaintiff takes the Court's ruling out of context and mistakenly argues that the responsibility to timely serve certain Defendants lies, not with

him but, with the U.S. Marshal. Plaintiff also makes argument regarding a malicious prosecution claim but ignores the fact that he was not allowed to proceed with this claim under 42 U.S.C. § 1983. Defendants argue that Plaintiff has not met the requisites for reconsideration and, further, that the Motion was not timely filed.

The Court thoroughly reviewed the record and the Court's Memorandum Opinion and Order dated July 29, 2007. The law has not changed and there is no new evidence. Plaintiff merely does not agree with the Court's ruling. There is no need to correct a clear error of law or fact or to prevent manifest injustice. Moreover, the Court agrees that Plaintiff did not timely file his Motion pursuant to Fed. R. Civ. P. 59(e) or Local Rule 7.1.5. Plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, his Motion will be denied.

### IV.  CONCLUSION

THEREFORE, at Wilmington this 12 day of October, 2007, IT IS ORDERED that Plaintiff's Motion For Reconsideration/Amendment of Judgment/Order (D.I. 66) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE